# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:98cr93

| | |
|---|---|
| **DARIUS KEITH RAINEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's letter dated March 17, 2011. Inasmuch as petitioner seeks post-conviction relief from an enhanced federal sentence imposed by this court, the court will consider the letter to be a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (#64). For the reasons stated herein, the petitioner's Motion to Vacate will be dismissed without prejudice.

In reviewing the record, the court notes that petitioner filed a previous Motion to Vacate, Set Aside or Correct Sentence on March 20, 2001, which was denied by this court on September 12, 2002. (#56).[1] Petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before

---

[1] The court notes that this is not petitioner's first successive petition and is actually his third petition, On June 28, 2005, petitioner filed his first successive petition, which this court denied without prejudice as being successive. Order (#61).

-1-

a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court.[2]

**ORDER**

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that petitioner's letter of March 17, 2011, is deemed to be a successive Petition for a Writ of Habeas Corpus and is **DISMISSED** without prejudice.

Signed: April 18, 2011

Max O. Cogburn Jr.
United States District Judge

---

[2] The basis of the instant application is the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Peterson, 629 F.3d 432 (4th Cir. 2011), in which the appellate court determined that involuntary manslaughter under North Carolina law does not meet the definition of "crime of violence" under U.S.S.G. § 4B1.1, *et seq.* In this action, petitioner contends that Peterson would preclude the counting of his North Carolina conviction for involuntary manslaughter as a predicate offense under *Section 924(e)*, which has its own definition of "violent felony." 18 U.S.C. § 924(e)(2)(B). See Begay v. United States, 553 U.S. 137 (2008)(analysis for determining whether an offense qualified as a predicate "violent felony" under the Armed Career Criminal Act).