UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00201-MOC

| | | |
|---|---|---|
| **DARIUS KEITH RAINEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed through counsel pursuant to 28 U.S.C. § 2255 (#1), the Government's Response in support of collateral relief (#7) in which it seeks to hold certain §924(c) claims in abeyance pending decisions of higher courts, and petitioner's Motion for Voluntary Dismissal of § 924(c) Claim (#9), in which he states he would rather forego such claims as the time he has already served is above the advisory Guidelines range.

### FINDINGS AND CONCLUSIONS

**I.  Petitioner's Claims**

Petitioner seeks relief from his sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies. 18 U.S.C. § 924(e). He relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The government agrees that because certain predicate convictions no longer qualify as "violent felonies" in light of Johnson and because he received a

-1-

sentence above the otherwise applicable statutory maximum term for certain of his offenses, his motion to vacate should be granted and that he should be resentenced. The court concurs.

## II.     Background

Petitioner was indicted on August 4, 1998, and charged with *Hobbs Act* robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2; possession of a firearm during and in relation to a *Hobbs Act* robbery and aiding and abetting, in violation of 18 U.S.C. § 924(c); two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and two counts of possession or sale of a stolen firearm, in violation of 18 U.S.C. § 922(j). United States v. Rainey, 3:98CR93. Severed from the remaining firearm charges, petitioner was convicted of the § 922(g) and § 922(j) firearm offenses following a jury trial and later pleaded guilty to the § 924(c) offense in exchange for the government's agreement to dismiss the *Hobbs Act* charge.

The PSR noted that petitioner had prior convictions for (1) assault with a deadly weapon with intent to inflict serious injury and breaking and entering, arising out of the same occurrence; (2) breaking, entering, and larceny; (3) and involuntary manslaughter, all in violation of North Carolina law. The probation officer determined that Rainey qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The probation officer calculated a total offense level of 33. Combined with a criminal-history category of VI, this offense level yielded an advisory Sentencing Guidelines range of 235 to 293 months in prison for the § 922(g) and 922(j) firearm offenses. The probation officer also noted that petitioner faced a statutory mandatory-minimum, consecutive term of 60 months in prison for the § 924(c) firearm offense.

For acceptance of responsibility, the sentencing court reduced reducing his total offense

level to 30 and his Sentencing Guidelines range of imprisonment to 180 to 210 months for the §922 firearm offenses, and sentenced petitioner to 210 months in prison for the § 922(g) firearm offenses, to run concurrently; to 120 months in prison for the § 922(j) firearm offenses, to run concurrently; and to a consecutive term of 60 months in prison for the § 924(c) firearm offense. The Fourth Circuit affirmed this Court's judgment. United States v. Rainey, 2000 WL 103052 (4th Cir. Jan. 31, 2000). On April 29, 2016, the Fourth Circuit issued an order authorizing petitioner to file a successive motion to vacate seeking relief under Johnson.

### III. Discussion

Petitioner argues that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.

The Government concedes that petitioner is entitled to sentencing relief on Counts Three and Four because his prior conviction for involuntary manslaughter qualified as a "violent felony" only under the residual clause of § 924(e)(2)(B)(ii), if at all. In United States v. Peterson, 629 F.3d 432 (4th Cir. 2011), the Fourth Circuit noted that North Carolina's involuntary-manslaughter offense was defined as the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life or (2) a culpably negligent act or omission. Id. at 437. The appellate court went on to hold that North Carolina's involuntary-manslaughter offense did not constitute a "crime of violence" for purposes of the career-offender guideline because it could be committed through "negligent," as opposed to purposeful, conduct. Id. at 439-40. Because an offense that may be committed through negligent

conduct is not sufficiently purposeful to satisfy the force clause of the ACCA's "violent felony" definition, petitioner's prior conviction for involuntary manslaughter does not qualify as a violent felony now that <u>Johnson</u> has invalidated the residual clause. Based on the foregoing, the court finds that petitioner no longer has three convictions to qualify him as an armed career criminal and he is therefore entitled to be resentenced.

Finally, the court has considered petitioner's Motion to Voluntarily Dismiss his § 924(c) claim. Hearing no objection, that motion will be allowed and the court will instruct the Clerk of Court to calendar petitioner for resentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Voluntary Dismissal of § 924(c) Claim (#9) is GRANTED, and the Petition is so amended to eliminate such claims as voluntarily dismissed.

2. Petitioner's Motion to Vacate (#1) his sentence (3:98-cr-93-1), as so amended, is **GRANTED**.

2. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

3. The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case. The Clerk of Court shall schedule a resentencing hearing for a date not sooner than October 3, 2016.

4. The Federal Defenders of Western North Carolina shall represent Petitioner for the resentencing hearing.

5. The parties may file sentencing memoranda no later than ten (10) days prior to the

resentencing hearing.

6.     The Clerk is respectfully directed to certify copies of this Order to the U.S. Probation Office.

The Clerk is directed to close this civil case and place a copy of this Order in the underlying criminal case.

**SO ORDERED**.

Signed: August 24, 2016

*/s/ Max O. Cogburn Jr.*
Max O. Cogburn Jr.
United States District Judge