# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL NO. 3:98-CR-93-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARIUS KEITH RAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the "Motion for Inquiry into Status of Counsel" (document # 102) filed May 31, 2018. The Court held a hearing in this matter on June 1, 2018.

The Court heard from appointed counsel Caleb Newman, the Government, and the Defendant. Part of the hearing was conducted ex parte. The Government has made an offer for an agreed disposition of Defendant's pending violation of supervised release. Defendant states that the offer is unacceptable to him. The Government represents that the offer is final. Defendant also states that he and Mr. Newman are "not on the same page." The Court advised Defendant that his circumstances will not change with appointment of new counsel and that it his choice to accept the offer or proceed with a violation hearing.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must show good cause in requesting a new appointed lawyer." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Here, Defendant's complaints do not establish good cause for the Court to

appoint new counsel. Based upon the foregoing, the Court finds no basis to remove Mr. Newman as appointed counsel.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: June 7, 2018

David S. Cayer
United States Magistrate Judge