UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:98-CR-00093-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DARIUS KEITH RAINEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for Inquiry. For cause, defendant states that he believes that the Honorable David C. Keesler, United States Magistrate Judge, who issued the Warrant and conducted the detention hearing on defendant's third Supervised Release Violation, was the prosecuting AUSA in his underlying case some 20 years ago. It does not appear, however, that defendant raised that concern at the Initial Appearance before the Honorable David S. Cayer, United States Magistrate Judge, or the Detention Hearing which followed and was conducted by Judge Keesler. Review of the Court's docket does reveal that Judge Keesler was one of the attorneys appearing on behalf of the government in this matter back in 1998.

While Canon 3(C)(1)(e) of the *Code of Conduct for United States Judges* instructs that prior participation in an action as a government attorney *could* be the basis for recusal, that Canon does not mandate recusal. Instead, Canon 3(D) provides that a judge may continue to participate in a case even where that judge previously represented a party. Specifically, a judge may continue to participate once that conflict has been discovered and the parties and the judge agree to that judge's continued participation. See *Code of Conduct for U.S. Judges, Canon 3*. For that process

1

to work, it requires any party with recollection of the judge's participation to come forward and let that judge know that he or she was involved in their case earlier, either as a prosecutor or a defense attorney. As most of the judges in this district were either federal or state prosecutors (or both) before taking the bench, they (including the undersigned) prosecuted and/or defended hundreds if not thousands of individuals, making recollection of any particular defendant nearly impossible. Thus, the judiciary depends to a large extent on the candor of the individual to alert the Court to such prior involvement by any judicial officer, including the undersigned. The Court has closely listened to the recordings of both the Initial Appearance (before Judge Cayer) and the detention hearing (before Judge Keesler), and no concern was raised with either judge as to the issuance of the Warrant or the determination of bond. There was, therefore, no error in Judge Keesler handling the Warrant or the detention as he was not made aware of any prior involvement.

As all proceedings are, from this point forward, handled by the district court, there is no need for "inquiry" as the involvement of Judge Keesler is at an end on this Supervised Release Violation. Thus, the Court has treated defendant's motion as one for reconsideration of the Warrant and for reconsideration of the Order or Detention.

First, the Court has conducted a *de novo* review of the "Petition for Warrant for Offender Under Supervision" (#110) and finds that there was probable cause for issuance of the Warrant and reaffirms such issuance. Further, the Court notes that defendant waived his right to a Preliminary Examination under Rule 32.1(b)(1), Fed.R.Crim.P.

Second, the Court has listened to the electronic recording (#117) of the detention hearing and independently determined that there are no conditions or combination of conditions that could assure the safety of the community if defendant were released. In conducting its review, this Court recalls defendant's two prior Supervised Release violations, both of which occurred in the two

2

years following this Court's conversion of defendant's sentence in 2016 to a time-served sentence. As to the instant alleged violations, the Petition outlines among other things a number of serious, violent new law violations which fully support a conclusion that there are no conditions or combination of conditions that would assure the safety of the community. Here, defendant carries a Criminal History Category of VI and has two prior violations in only two years of release. This third violation contains alleged new law violations which are of particular concern when the safety of the community is considered. Thus, the Court reaffirms the Order of Detention and, after its own *de novo* review, directs that defendant remain detained as no condition or combination of conditions would assure the safety of the community.

Third, and finally, so that any concern can be addressed, the Court will schedule a new detention hearing at which defendant can present any evidence he may have directly to the undersigned. Further, defendant may request a preliminary hearing if he desires *de novo* determination of probable cause.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Inquiry (#118) is **DEEMED** to be a Motion for Reconsideration of the Warrant and the Order of Detention, and after de novo review, the Court **REAFFIRMS** the issuance of the Warrant and the Order of Detention.

In an abundance of caution, the Court directs that a new detention hearing be calendared before the undersigned during the week of December 17, 2018, at a date and time to be determined by the Clerk of Court.

The Clerk of Court is instructed to send a courtesy copy of this Order to the Honorable David C. Keesler, United States Magistrate Judge.

Signed: December 7, 2018

Max O. Cogburn Jr
United States District Judge