UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:98-CR-00093-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DARIUS KEITH RAINEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court after a *de novo* detention hearing held on December 17, 2018. Defendant was present at the hearing and represented by counsel. At the hearing counsel argued for release and the Court heard from defendant directly concerning the circumstances of the new law violations. After hearing the evidence, including reviewing the evidence presented at the original detention hearing, the Court concludes that defendant has failed to carry his burden under Rule 32.1 and 18 U.S.C. 3143(a)(1). Specifically, defendant has failed to show that he will not pose a danger to any other person or to the community if released.

The evidence presented at the hearing shows that defendant has two prior Supervised Release violations, which occurred within two years after conversion of defendant's sentence in 2016 to a time-served sentence. This is defendant's third alleged violation. The nature of the violations in this Petition are of particular concern to the Court as they, if true, would indicate that defendant is engaging in conduct that is placing at risk the safety of members of the community. The Court has given careful consideration to defendant's argument that the new state law violations are not attributable to him.

In considering the Section 3142(g) factors, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community at this time. Indeed, based on the Petition, there is reason to believe that defendant has engaged in an armed robbery, possessed and used in furtherance of that robbery a firearm, and in so doing threatened the life of another person. Further, there is reason to believe that during the robbery defendant assaulted the victim and inflicted serious bodily harm. However, the Court is aware that defendant disputes these events and defense counsel has made a strong argument that the allegations simply do not make sense as it would be unusual for an entire family, with a spouse having no appreciable record, to engage in the alleged conduct.

Thus, the Court will direct that defendant remain detained as no condition or combination of conditions would assure the safety of any other person and the community. The Court will, however, direct that the hearing of the Supervised Release Violation be expedited and that additional time be reserved. If the state charges are dismissed against the defendant in the interim, the Court will further consider bond is a Motion for Further Consideration is filed by defense counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that after de novo review and a new hearing, the Court directs that defendant remain **DETAINED** pending resolution of this Supervised Release Violation as no condition or combination of conditions will reasonably assure the safety of the any person and the community. The Clerk of Court is directed to schedule this matter for an SRV hearing as soon as possible and reserve two hours for such hearing.

Signed: December 18, 2018



Max O. Cogburn Jr
United States District Judge